No. 1543. **Otis v. Brown.** November Term, 1883. This was an action by the executrixes of James Welsman, deceased, who died in 1870, for a construction of the will of their testator. This will gave to his daughters, Harriet and Emma, each one-fifth part of the residuum for life, with remainder " to such children as she should leave surviving her;" and if " she should die leaving no child or children surviving her, the said one-fifth part or share shall return to my estate, and be divided among the surviving devisees under my will, to be held by them, respectively, in the same manner as the shares devised to them are held." One-fifth was to be divided into two parts, one part whereof was to go to

his granddaughter, Amelia C. Brown, for life, with remainder, &c., in precisely the same words as were employed in the gifts, to Harriet and Emma; and the other part to his grandsons, R. E. Brown and J. W. Brown, to be divided equally between them, share and share alike, absolutely. One-fifth part to his daughter Maria for life, with remainder to all her children surviving, if she married again; and, if not, then at Maria's death, one-half to his granddaughter, Amelia Otis, for life, with remainder, &c., in precisely the same words as were employed in the gifts to Harriet and Emma, and the other half to his grandson, Arthur, absolutely. The remaining one-fifth the testator gave, absolutely, to his son James T. By a codicil testator revoked the bequest to James T., "and in lieu and instead thereof" gave, devised and bequeathed the said one-fifth to his executors in trust to invest, and the income thereof to pay over to said James T., for and during the term of his natural life, and after his death to hold the same in trust for the use, &c., of his daughter Caroline for life, with remainder, &c., in precisely the same words as were employed in the gifts to Harriet and Emma.

Testator died in 1870, Harriet in 1872, unmarried; Amelia Otis in 1873, childless; James T. in 1877, who left his daughter Caroline surviving, who afterwards died, leaving her surviving, her husband, Dr. Jenkins, and two infant children—E. E. and A. N. Jenkins—one of whom, E. E., has since died, his father and brother being his heirs-at-law. *Held*—

1. That the will and codicil were parts of the same thing—the last will and testament—and must be construed together; therefore, that James T. is one of the "surviving devisees under the will."

2. That on the death of Harriet, without children, her share was divisible as follows: One-fourth to the trustees of James T., under the terms and limitations of the codicil; one-fourth to Emma and Maria, each, and one-eighth to Amelia C. Brown, all subject to the precise conditions attached to the original shares given them under the will; and one-eighth to be divided equally between J. W. Brown and R. E. Brown, and to be theirs absolutely.

3. That Amelia Otis having died before Maria, the contingent

remainder to said Amelia never vested, and there was, therefore, no reverter of such interest.

4. That the share of James T. passed, at his death, to Caroline, and then, at her death, to her two children, E. E. and A. N., and upon the death, afterwards, of said E. E., this share became distributable between Dr. Jenkins, his father, and his brother, A. N.

5. That the right of an allowance of counsel fees not having been presented to the court below, nor there determined, the question is not properly before this court. Circuit decree of Cothran, J., in its results, affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, March 18th, 1884. *A. G. Magrath, A. G. Magrath, Jr., B. J. Whaley,* for appellants. *Hayne & Ficken,* contra.